FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2015 DEC 23 PM 2: 54

BERNARD HOWE,
    Plaintiff,
v.

CASE NO. 5:15-cv-632-Oc-30PRL

VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT, PAUL
CIANCHETTI, LYNN
CIANCHETTI, AUTUMN MARIE
TRIPP, MARY LEO AND JANILIE
FISTER,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BERNARD HOWE ("Howe"), by and through his undersigned counsel files this Complaint against Defendants VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT, PAUL CIANCHETTI, LYNN CIANCHETTI, AUTUMN MARIE TRIPP, MARY LEO AND JANILIE FISTER and in support thereof states:

1. This is a cause of action for damages that exceed $75,000.00.

2. Plaintiff, Howe, is a resident of Sumter County, Florida, and he is over 18 years of age.

3. Defendant, VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT (Hereinafter "THE VILLAGES"), is a municipality in Sumter County, Florida.

4. Defendants, PAUL CIANCHETTI, LYNN CAINCHETTI, AUTUMN MARIE TRIPP, MARY LEO AND JANILIE FISTER are residents of The Villages, Sumter County, Florida.

Page 1 of 8

5. On or about August 1, 2014, Sumter County Sheriff's Office ("SCSO") came to Plaintiff's residence to inquire about a complaint filed on July 31, 2015 by Michael Halpin, who works for the Defendant, THE VILLAGES. He complained that the Plaintiff "may have exposed himself" at the Fish Hawk Recreation Center Pool at 2318 Buttonwood Run, The Villages. The Plaintiff was not ever present at this pool or recreation center during the day of July 31, 2014 or the previous four years. This was a reckless and blatantly false accusation. At this time, SCSO informed the Plaintiff that his privileges to use The Villages pool and recreation centers were revoked.

6. Plaintiff requested a meeting with the officials of Defendant, THE VILLAGES and on August 4, 2014 he was granted an audience with John Rohan and Jim Lucas. At that meeting, Plaintiff was questioned by John Rohan and Jim Lucas, officials of Defendant, THE VILLAGES regarding allegations of the Plaintiff exposing himself. No testimony was taken, no evidence was presented, no ability was given for the Plaintiff to cross-examine accusers and no hearing was held. At this meeting, the Plaintiff was informed that his privileges to use The Villages pools and recreation centers were restored.

7. On August 6, 2014, SCSO received a walk-in complaint from Paul Cianchetti. Mr. Cianchetti is the ringleader of the conspiracy to intentionally spread false information about the Plaintiff with the intent to run him out of the neighborhood. Mr. Cianchetti complained that the

Plaintiff had allegedly exposed himself to his wife three times over the previous one and one half years. At this time, Lynn Cianchetti provided a written statement regarding an incident in September 2013. The actions she describes in her statement are physically impossible and blatantly false. At the same time, according to the Offense Report of SCSO, Janilie Fister gave a written statement that accused the Plaintiff of behavior in April 2013 that again is physically impossible and blatantly false. At the same time, Autumn Tripp gave SCSO a written statement at the same time describing alleged behavior by the Plaintiff on July 12, 2014 that again is physically impossible and blatantly false. Mary Leo accused the Plaintiff of behavior sometime about the beginning of July 2014 that is physically impossible and blatantly false.

8. On August 8, 2014, Plaintiff was accosted by Defendant, THE VILLAGES employee, Michael Halpin and Mr. Halpin called SCSO to complain of "possible trespassing". Mr. Halpin harassed the Plaintiff stating that he knew the Plaintiff was going to be "No Tresspassed" even though he had not been and ordered the Plaintiff to immediately leave the pool. Mr. Halpin proceeded to inform that his privileges were revoked.

9. The Plaintiff had his pool and recreation privileges revoked by John Rohan on behalf of Defendant, THE VILLAGES without any proof of the accusations and without a hearing or due process of law.

10. The revocation of Plaintiff's rights of access to all community centers and pools throughout the municipality and related stories of Plaintiff's arrest gave credence to the false accusations of the Defendants.

11. On or about October 1, 2015, Plaintiff was arrested for the incident that allegedly occurred on August 1, 2014.

12. Thereafter, *The Villages Daily Sun* ran an article about the alleged incidents and, *Villages-News.com*, published Plaintiff's picture, along with the story of the incident.

13. On or about October 15, 2015, Plaintiff was arrested again.

14. All charges against Plaintiff were subsequently dropped.

15. All conditions precedent have been met prior to filing this action, including notification of the Department of Financial Services on or about October 16, 2014. A letter was additionally sent on December 8, 2015 to the Department of Financial Services correctly some typographical errors in the original letter. See attached Exhibit A.

## COUNT I
## MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

16. Plaintiff realleges and reaffirms the allegations in paragraphs one (1) through fifteen (15) above as if fully re-stated herein.

17. Defendants instituted criminal process against the plaintiff with malice.

18. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary

caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty.

19. The criminal proceedings terminated in favor of the Plaintiff when the charges were dropped.

20. Defendant, THE VILLAGES, is liable under the doctrine of respondeat superior.

## COUNT II
## DEFAMATION AGAINST ALL DEFENDANTS

21. Plaintiff realleges and reaffirms the allegations in paragraphs one (1) through fifteen (15) above as if fully re-stated herein.

22. Defendants published or caused to have published, false or defamatory statements regarding Plaintiff, as a private figure.

23. At the time of said publications, Defendant either knew that the statements were false, or acted in reckless disregard of their truth or falsity.

24. The false and unprivileged statements about Plaintiff by Defendant exposed Plaintiff to distrust, hatred, contempt, and ridicule, and caused him to be avoided by his friends and peers and irreparably injured Plaintiff's personal and professional reputation and earning capacity.

25. The said false and defamatory statements were published to third parties, and were then also widely disseminated in the Villages Electronic Newspaper to the public at large.

26. The intentional and wrongful conduct of the Defendant proximately caused the following damages to Plaintiff: severe injury to his personal reputation, extreme personal stress, mental anguish, emotional trauma,

embarrassment and very public humiliation, as well as irreparable damage to his professional reputation, including any future potential employment, and earning capacity, in his chosen profession, all of which he continues to suffer to this day.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

27. Plaintiff realleges and reaffirms the allegations in paragraphs one (1) through fifteen (15) above as if fully re-stated herein.

28. Defendants or their agents intentionally and deliberately inflicted emotional distress on Plaintiff by violating Plaintiff's constitutional rights, or by interfering with Plaintiff's state civil rights by threats, coercion or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

29. Defendants or their agents' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

30. The actions of the Defendants or their agents were the cause of Plaintiff's distress.

31. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

32. As a result of the Defendants or their agents' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

33. Defendant, THE VILLAGES, is liable under the doctrine of respondeat superior.

34. As a result of the Defendants or their agents extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## COUNT IV
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE US CONSTITUTION AGAINST DEFENDANT, THE VILLAGES

35. Plaintiff realleges and reaffirms the allegations in paragraphs one (1) through fifteen (15) above as if fully re-stated herein.

36. Plaintiff had both a property interest and a liberty interest that were wrongfully restricted by the actions of Defendant.

37. Plaintiff's property and liberty interest are protected under 42.U.S.C. §1983.

38. Plaintiff's access to any Recreation or Community property area for which he paid a monthly fee is a private interest.

39. The Defendant's official action affected Plaintiff's private interest.

40. There was an erroneous deprivation of Plaintiff's right by the official actions of Defendant. See *Matthews v. Eldridge, 424 U.S. 319, 335 (1976).*

41. The deprivation of Plaintiff's rights would not have occurred if the Defendant had used proper procedural safeguards.

42. Plaintiff did complain to Defendant on August 13, 2014 and ask for proper due process and for his rights to be restored.

43. Plaintiff suffered damages because of the unconstitutional actions of Defendant.

44. Plaintiff is entitled to recover his attorneys' fees and costs in addition to damages under 42 U.S.C. §1983.

WHEREFORE, Plaintiff, BERNARD HOWE, demands judgment for damages, attorneys' fees and costs, including interest and punitive damages as allowed by law, against the Defendants, any other relief deemed fair and just by this Honorable Court and trial by jury.

**THE FLORIDA LEGAL ADVOCACY GROUP, P.A.**
By: */s/ Stanley W. Plappert*
STANLEY W. PLAPPERT
Attorney for the Plaintiff
Florida Bar No. 76603
1024 E. Silver Springs Boulevard
Ocala, FL 34470
(352) 732-8030 telephone
(888) 399-3129 facsimile
swp@thefloridalegaladvocacygroup.com

FILED

ᏩᏯ



2015 DEC 23 PM 2:54

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

# EXHIBIT A FOLLOWS



# THE FLORIDA LEGAL ADVOCACY GROUP, P.A.

SENT VIA CERTIFIED MAIL

October 16, 2014

State of Florida, Department of Financial Services
Division of Risk Management
Jeff Atwater, Chief Financial Officer
200 East Gaines Street
Tallahassee, FL 32399-0336

Re:   Village Center Community Development District

Dear Mr. Atwater:

Pursuant to Fla. Stat. § 768.28(6)(a), please accept this as notice that Brenard Howe has a claim against the above named party. The required information for Mr. Howe, to include his date of birth, place of birth, and social security number are as follows: Mr. Castillo was born 08-13-2014, born in Jersey City, New Jersey, SS#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.

This claim results from an incident that allegedly occurred on July 31, 2014 when Mr. Howe was falsely accused of indecent exposure and harassed by a Mr. Dominck Macri. He was wrongly accused and trespassed by the employees of the Village Center Community Development District without due process or any proper investigation. He has suffered humiliation, embarrassment, physical ills and monetary damages as a result of this party's actions. Mr. Castillo is seeking compensatory damages and punitive damages as a result of the above described incident.

Sincerely,

Stanley W. Plappert, Esquire

**Ocala Office**
1024 E. Silver Springs Blvd.
Ocala, FL 34470
352-732-8030 - T
888-399-3129 - F

**Lady Lake / The Villages Office**
104 S. Old Dixie Highway
Lady Lake, FL 32159
352-259-4431 - T
888-399-3129 - F

**Naples Office**
2500 Tamiami Trail North, Suite 231
Naples, FL 34103
352-304-8412 - T
888-399-3129 - F

www.TheFloridaLegalAdvocacyGroup.com

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _illegible_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Received by: P.N. Nicholson<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>FINANCIAL SERVICES<br>TALLAHASSEE, FL 32399-0317 |
| 1. Article Addressed to:<br><br>State of Florida, Dept of Financial Services<br>Division of Risk Management<br>Jeff Atwater, Chief Financial Officer<br>200 E. Gaines Street<br>Tallahassee, FL  32399-0336 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| Howe | |
| 2. Article Number (Transfer from service label) | 7010 3090 0002 4384 6335 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ .48 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.70 |

Postmark: OCALA FL MAIN OFFICE, OCT 2014, USPS

7010 3090 0002 4384 6335

Sent To: State of Florida, Dept of Financial Services
Division of Risk Management
Jeff Atwater, Chief Financial Officer
200 E. Gaines Street
Tallahassee, FL  32399-0336

Howe



# THE FLORIDA LEGAL ADVOCACY GROUP, P.A.

SENT VIA CERTIFIED MAIL

December 8, 2015

State of Florida, Department of Financial Services
Division of Risk Management
Jeff Atwater, Chief Financial Officer
200 East Gaines Street
Tallahassee, FL 32399-0336

Re:   Village Center Community Development District

Dear Mr. Atwater:

Pursuant to Fla. Stat. § 768.28(6)(a), please accept this as notice that Bernard Howe has a claim against the above named party. I am sending this letter to correct the previous letter sent on October 14, 2014. The previous letter had typographical errors but did put the Village Center Community Development District on notice of our claim.

The required information for Mr. Howe, to include his date of birth, place of birth, and social security number are as follows: Mr. Howe was born 08-13-1946, born in Jersey City, New Jersey, SS#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.

This claim results from an incident that allegedly occurred on July 31, 2014 (along with other dates) when Mr. Howe was falsely accused of indecent exposure and harassed by a Mr. Dominck Macri and others. He was wrongly accused and trespassed by the employees of the Village Center Community Development District without due process or any proper investigation. He has suffered humiliation, embarrassment, physical ills and monetary damages as a result of this party's actions. Mr. Howe is seeking compensatory damages and punitive damages as a result of the above described incident.

Sincerely,

Stanley W. Plappert, Esquire

**Ocala Office**
1024 E. Silver Springs Blvd.
Ocala, FL 34470
352-732-8030 - T
888-399-3129 - F

**Lady Lake / The Villages Office**
104 S. Old Dixie Highway
Lady Lake, FL 32159
352-259-4431 - T
888-399-3129 - F

**Naples Office**
2500 Tamiami Trail North, Suite 231
Naples, FL 34103
352-304-8412 - T
888-399-3129 - F

www.TheFloridaLegalAdvocacyGroup.com

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Willis Clark* ☐ Agent ☐ Addressee<br>Received by: Willis Clark<br>B. Received by (Printed Name)  C. Date of Delivery<br>OF FINANCIAL SERVICES<br>TALLAHASSEE, FL 32399-0317 |
| 1. Article Addressed to:<br>ate of Florida, Department of Financial Services<br>Division of Risk management<br>Jeff Atwater, Chief Financial Officer<br>200 East Gaines Street<br>Tallahassee, FL 32399<br><br>HWC | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7010 3090 0002 4384 6953 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540